1  DOUGLAS HAN (SBN 232858)
   dhan@justicelawcorp.com
2  SHUNT TATAVOS-GHARAJEH (SBN 272164)
   statavos@justicelawcorp.com
3  CHRISTOPHER PETERSEN (SBN 260631)
   cpetersen@justicelawcorp.com
4  BRIAN JEONG (SBN 338509)
   bjeong@justicelawcorp.com
5
6  **JUSTICE LAW CORPORATION**
   751 N. Fair Oaks Avenue, Suite 101
7  Pasadena, California 91103
   Telephone: (818) 230-7502
8  Facsimile: (818) 230-7259

9  *Attorneys for* Plaintiff

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12  CHEYENNE FONG, individually, and on      Case No.: 3:24-cv-02116-VC
    behalf of other members of the general public
13  similarly situated;                      **FIRST AMENDED CLASS ACTION
                                             COMPLAINT FOR DAMAGES**
14
15              Plaintiff,                   (1)  Violation of California Labor Code
                                                  §§ 510 and 1198 (Unpaid Overtime);
16          v.                               (2)  Violation of California Labor Code
                                                  §§ 226.7 and 512(a) (Unpaid Meal
17  THE SPORTS BASEMENT, INC., a                  Period Premiums);
    California corporation; and DOES 1 through (3) Violation of California Labor Code
18  100, inclusive;                               § 226.7 (Unpaid Rest Period
                                                  Premiums);
19              Defendants.                  (4)  Violation of California Labor Code
                                                  §§ 1194 and 1197 (Unpaid
20                                                Minimum Wages);
21                                           (5)  Violation of California Labor Code
                                                  §§ 201 and 202 (Final Wages Not
22                                                Timely Paid);
23                                           (6)  Violation of California Labor Code
                                                  § 226(a) (Non-Compliant Wage
24                                                Statements);
25                                           (7)  Violation of California Labor Code §§
                                                  2800 and 2802 (Unreimbursed
26                                                Business Expenses);
27                                           (8)  Violation of California Business &
                                                  Professions Code §§ 17200, *et seq.*
28                                           **DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff Chase Bettis ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.    This class action was originally brought in the Superior Court for the County of San Francisco pursuant to the California Code of Civil Procedure section 382. This Court has asserted jurisdiction over this action pursuant to 28 U.S.C. §§ 1367(a) 1441(a).

2.    Upon information and belief, Defendant The Sports Basement, Inc. is a California corporation doing business in California, and at all times hereinafter mentioned, has employers whose employees are engaged throughout this District and throughout the State of California.  Defendant maintains offices, have agents, and are licensed to transact and do transact business in this District.

## PARTIES

3.    Plaintiff Chase Bettis is an individual residing in the State of California, County of Sacramento.

4.    Defendant THE SPORTS BASEMENT, INC. at all times herein mentioned, was and is, upon information and belief, a California corporation headquartered in the State of California, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California.

5.    At all relevant times, Defendant THE SPORTS BASEMENT, INC. was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

/ / /

/ / /

/ / /

6.     At all times herein relevant, Defendant THE SPORTS BASEMENT, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

7.     The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

8.     Defendant THE SPORTS BASEMENT, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

9.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action individually and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

/ / /

/ / /

11.	The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees of Defendants within the State of California, excluding Presidio of San Francisco, at any time during the period from four years preceding the filing of this Complaint to final judgment.

12.	Plaintiff reserves the right to establish subclasses as appropriate.

13.	The class is ascertainable and there is a well-defined community of interest in the litigation:

a.	Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.	Typicality: Plaintiff's claims are typical of all other class members' claims as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom Plaintiff has a well-defined community of interest.

c.	Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

/ / /

d.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

14.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.    Whether Defendants failed to pay their hourly-paid or non-exempt employees within the State of California, excluding Presidio of San Francisco, for all hours worked;

c.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.    Whether Defendants properly calculated the regular rate for Plaintiff and the other class members who worked overtime and earned incentive pay;

e.    Whether Defendants failed to provide Plaintiff and the other class members legally mandated meal and/or rest periods and failed to compensate them the related premium wages pursuant to California Labor Code section 226.7(c);

f.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

g.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

i.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

j.    Whether Defendants' conduct was willful or reckless;

k.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*;

l.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

/ / /

/ / /

/ / /

15.     Class certification of the First through Eighth causes of action is appropriate pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members of wages for all hours worked and overtime compensation, have denied them meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Wage Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Wage Order and California Labor Code, have denied them minimum wages, have denied them timely payment of their wages upon termination and during employment, have denied them accurate wage statements and payroll records in compliance with the California Labor Code, and have denied them from getting reimbursed for necessary business related expenses. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

/ / /

/ / /

/ / /

16.     Once class certification is granted, Plaintiff shall send notice to all members of the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiff will submit a proposed notice to the Court for its approval, stating (i) the nature of this action, (ii) the definition of the class certified, (iii) the class claims, issues, or defenses, (iv) that a class member may enter an appearance through an attorney if the member so desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

## GENERAL ALLEGATIONS

17.     During the relevant time period set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

18.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid non-exempt employee during the relevant time period in the State of California, County of San Francisco.

19.     Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and other class members' employment; and to supervise their daily employment activities.

20.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and other class members' employment for them to be joint employers of Plaintiff and the other class members.

21.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

22.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

23.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

/ / /

/ / /

24. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California. This scheme involved, *inter alia*, failing to pay them for all hours worked, and failing to provide legally mandated meal and rest breaks or pay related premium wages in lieu thereof, in violation of California law.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that Plaintiff and the other class members were not receiving wages for overtime compensation.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required meal and rest periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders and thus they are entitled to any and all applicable penalties.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all timely and complete meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, late or interrupted, and that Plaintiff and the other class members did not receive all timely and proper meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all timely rest periods without interruption or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, late or interrupted, and that Plaintiff and the other class members did not receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed.

/ / /

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that Plaintiff and the other class members were not receiving at least minimum wages for all hours worked.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiff and the other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive their wages within a specified time period during their employment, and that Plaintiff and the other class members did not, in fact, receive such wages within the specified time period during their employment.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, Plaintiff and the other class members did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records for Plaintiff and the other class members.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

/ / /

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

36.     During the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and other class members were required to work more than eight (8) hours per day and/or more than forty (40) hours per week without overtime compensation.

37.     During the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and the other class members.

38.     During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

39.     During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the wages owed to them upon discharge or resignation.

40.     During the relevant time period set forth herein, Defendants failed to pay Plaintiff and other class members wages within a specified time period during their employment.

41.     During the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

42.     During the relevant time period set forth herein, Defendants failed to keep complete or accurate payroll records o Plaintiff and other class members.

43.     During the relevant time period set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses.

/ / /

/ / /

44. During the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

45. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

46. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 45, and each and every part thereof with the same force and effect as though fully set forth herein.

47. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

48. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

49. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

/ / /

/ / /

/ / /

50. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

51. During the relevant time period set forth herein, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

52. During the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

53. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

54. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

55. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54, and each and every part thereof with the same force and effect as though fully set forth herein.

56. During the relevant time period set forth herein, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

/ / /

/ / /

57. During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

58. During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

59. During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60. During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

61. During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

/ / /

/ / /

62.     During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

63.     During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

64.     During the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

65.     During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

66.     Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

67.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

68.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 67, and each and every part thereof with the same force and effect as though fully set forth herein.

/ / /

69.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

70.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

71.     During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

72.     During the relevant time period set forth herein, Defendants required Plaintiff and the other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

73.     During the relevant time period set forth herein, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

74.     During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

75.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

76.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194 and 1197)

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76 and each and every part thereof with the same force and effect as though fully set forth herein.

78.     During the relevant time period set forth herein, California Labor Code sections 1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed, is unlawful.

79.     During the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194 and 1197.

80.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194 and 1197. Pursuant to those sections, Plaintiff and other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

/ / /

/ / /

83.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits their employment, their wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

84.     During the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

87.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

88.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

/ / /

89. During the relevant time period set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of their employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

90. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members.

91. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily protected rights.

92. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

/ / /

/ / /

93.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

94.     Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

95.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of the employer.

97.     Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, *et seq.*)

### (Against THE SPORTS BASEMENT, INC. and DOES 1 through 100)

98.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 97, and each and every part thereof with the same force and effect as though fully set forth herein.

99. Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, the other class members, the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

100. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

101. A violation of California Business & Professions Code sections 17200, *et seq*. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policy and practice of requiring Plaintiff and the other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policy and practice of requiring Plaintiff and the other class members to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policy and practice of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201 and 202. Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

102. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

103. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

104. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

/ / /

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.    For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

## As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

## As to the Third Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27.     For liquidated damages pursuant to California Labor Code section 1194.2; and

28.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

29.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

30.     For all actual, consequential, and incidental losses and damages, according to proof;

31.     For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

32.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.     For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

**As to the Sixth Cause of Action**

34.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.     For actual, consequential and incidental losses and damages, according to proof;

36.     For statutory penalties pursuant to California Labor Code section 226(e);

37.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

38.     For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For the imposition of civil penalties and/or statutory penalties;

42.     For punitive damages and/or exemplary damages according to proof at trial;

43.     For reasonable attorneys' fees and costs of suit incurred herein; and

44.     For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

45.     That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, and failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code sections 201 and 202.

/ / /

46.     For restitution of unpaid wages to Plaintiff and other class members and all pre-judgment interest from the day such amounts were due and payable;

47.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business & Professions Code sections 17200, *et seq.*;

48.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

49.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code sections 17200, *et seq.*; and

50.     For such other and further relief as the Court may deem just and proper.


Dated: June 12, 2024                         **JUSTICE LAW CORPORATION**



By:   /s/ Brian Jeong
         Douglas Han
         Shunt Tatavos-Gharajeh
         Christopher Petersen
         Brian Jeong

         *Attorneys for* Plaintiff